UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | | |
|---|---|---|
| In Re: | ) | Case No. 19-40126-JMM |
| | ) | |
| CORY ARTHUR WENGREEN, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

# MEMORANDUM OF DECISION ON DEBTOR'S
# MOTION TO AVOID JUDGMENT LIEN

This matter came before the Court based on the Debtor's Amended Motion to Avoid Lien on Exempt Property filed on March 22, 2019 (Docket No. 43). ("Amended Motion"). The Debtor initially filed his Motion to Avoid Lien on Exempt Property (Docket No. 35) ("Original Motion") and David O. Kingston ("Kingston") objected on March 21, 2019. (See Docket No. 39). Kingston's objection to the Original Motion was then withdrawn on April 23, 2019 (Docket No. 47). In that withdraw, Kingston stated that the cause for eliminating his objection is that the Debtor filed the Amended Motion and he stated that it is:

> Based upon the Debtor's clarification in his amended motion that he seeks only to avoid the lien with respect to the $100,000.00 exemption on his residential residence located at 2387 Little Town Dr., Rexburg, Idaho 83440, Kingston withdraws his objection filed on March 21, 2019 (Dkt 39).

That withdraw clarified one issue concerning the relief requested by Debtor but did not address the second issue that concerns the relief seeking to avoid the entire judgment

MEMORANDUM DECISION ON DEBTOR'S MOTION TO AVOID JUDGMENT LIEN - 1

lien of $140,633 held by Kingston when the stated representations of the Debtor show that the judgment lien does not fully impair the homestead. There is no dispute that the real property located at 2387 Little Town Dr. in Rexburg Idaho is the Debtor's principal residence ("Residence") and has been properly claimed as exempt in the bankruptcy case. There is also no dispute that the lien held by Kingston is a judgment lien.

The Court has an independent duty to ensure that the relief requested by the Debtor is allowed by the bankruptcy code even absent any objection by a creditor. See, e.g., *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277, 130 S. Ct. 1367, 1381, 176 L. Ed. 2d. 158, 174 (2010) (Determining in a chapter 13 confirmation review "that bankruptcy courts have the authority-indeed, the obligation -to direct a debtor to conform his plan to the requirements"); *In re Millspaugh*, 302 B.R. 90, 95, 04.1 I.B.C.R. 25 (Bankr. D. Idaho 2003) (concerning lien stripping in a chapter 13 proceeding). Here, the Court concludes that the relief requested by the Debtor can only be granted in part.

In the Amended Motion[1], the Debtor represents the following:

| | |
|---|---|
| Value of the Residence: | $650,000.00[2] |
| First deed of trust encumbering the Residence: | ($416,000.00)[3]. |
| Second deed of trust encumbering Residence: | ($113,000.00)[4]. |
| Debtor's Claimed Homestead: | ($100,000.00)[5]. |

---

1. The Debtor's filed bankruptcy schedules also support the representations contained in the Amended Motion concerning value of the real property on schedule A and the consensual secured debts that encumber the real property on schedule D-See schedules filed on February 24, 2019 (Docket No. 1)
2. Paragraph III of Amended Motion.
3  Paragraph IV of Amended Motion.
4. Paragraph V of Amended Motion.
5. Paragraph VI of Amended Motion.

MEMORANDUM DECISION ON DEBTOR'S MOTION TO AVOID JUDGMENT LIEN - 2

The applicable statute cited by the Debtors in support of the relief requested in the Amended Motion is 11 USC § 522(f)(1). This statute allows the Court to avoid the fixing of a judicial lien[6], that impairs an exemption in property that the debtor can claim[7]. Congress described what is considered an impairment in 11 USC § 522(f)(2)(A). That subsection directs the Court to consider the sum of the judicial lien ($140,633.00)[8]; all other liens on the property ($529,000.00)[9]; and the amount of the exemption ($100,000.00)[10]. The judgment lien is determined to impair the homestead if the sum exceeds the value of the debtor's would be interest in the exempt property if the liens were absent[11]. Therefore, the calculation required by the statute[12] results in an impairment against the Residence by the Kingston Judgment in an amount that exceeds $21,000.00. In other words, the Debtor can avoid $119,633.00 of the judicial lien on the Residence ($140,633.00 -$21,000.00). The judgment lien held by Kingston against the Residence is thus avoided in the amount of $119,633.00 but it is not avoided for the remainder of $21,000.00.

## Conclusion

The Court grants in part the relief requested by the Debtor in the Amended Motion. The Court avoids $119,633.00 under 11 USC § 522(f)(1)(A) of the amount of the judgment

---

6. 11 USC § 522(f)(1)(A).
7. 11 USC § 522(f)(1).
8. 11 USC § 522(f)(2)(A)(i).
9. 11 USC § 522(f)(2)(A)(ii).
10. 11 USC § 522(f)(2)(A)(iii).
11. 11 USC § 522(f)(2)(A).
12. See calculations using this formula in *In re Macovitz*, 2011 WL 5041507, at *4-7 (Bankr. D. Idaho October 24, 2011); *In Re Van Schoiack*, 2012 WL 174470, *1 (Bankr. D. Idaho January 20, 2012)

MEMORANDUM DECISION ON DEBTOR'S MOTION TO AVOID JUDGMENT LIEN - 3

lien of Kingston on the Debtor's Residence.  The amount of $21,000.00 shall continue as the amount of the judgment lien on the Residence.

There is also a final issue that the Debtor must resolve.  This case has recently been converted from chapter 13 to a chapter 7 and there is no evidence in the docket that the newly appointed chapter 7 trustee has been served with the Amended Motion.

The Debtor's attorney is therefore directed to either serve the chapter 7 trustee with a copy of the Amended Motion or to obtain the written consent of the chapter 7 trustee to the form of order that the Debtor's attorney shall prepare that is consistent with this decision.

DATED:  May 2, 2019

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE